IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM BUTLER, #199256, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-303-TMH |
| ) | [WO] |
| ) | |
| NATHANIEL DALE, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, William Butler, a state inmate, challenges the constitutionality of actions taken against him during his incarceration at the Camden Community Based Facility in Camden, Alabama. Specifically, Butler complains while assigned employment with the Camden Department of Transportation and during a highway repair project his crew chief refused to transport him to use a restroom causing him to defecate on himself.

Upon review of the factual allegations presented in the complaint, the court concludes this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

**II. DISCUSSION**

A 42 U.S.C. § 1983 civil action "may be brought ... in (1) a judicial district where any

---

[1] The plaintiff filed an application for leave to proceed *in forma pauperis* (Doc. No. 2). However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, the court concludes assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The action about which the plaintiff complains occurred within the jurisdiction of the United States District Court for the Southern District of Alabama.  In addition, the named defendants reside in the Southern District of Alabama.  Thus, the claims asserted by the plaintiff are beyond the venue of this court.  However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before May 2, 2012 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections

will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of April, 2012.


/s/   Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE